WOODSON, J. WILLIAM, Associate Judge.
This was an action to foreclose a mortgage on real estate. The action was before the trial judge sitting without a jury. The trial judge made a finding that:
1. Defendants/appellees did not intend to sign, nor did they have knowledge of signing, the subject mortgage.
2. There was overreaching involved on the part of plaintiff/appellant’s assignor or his employees in the execution of the subject mortgage.
3. Plaintiff/appellant’s assignor or his employees provided defendants/ap-pellees with goods and services of a fair market value of $1,600.
Based upon these findings, the court invalidated the mortgage.
At the trial, the appellees denied executing the note, mortgage, contract, completion certificate, three-day notice of rescission and disclosure document. On cross-examination appellees admitted they could not remember signing certain instruments prepared by their attorney, which included declaration of homestead, motion to set aside default, three-page affidavit and answers to request for admissions. An expert was qualified and testified that the signatures on all of the instruments were those of the appellees. Appellees admitted *3 that they had signed a mortgage in the past and had borrowed money at various times in the past and signed notes to. obtain these loans.
Upon a review of the evidence we conclude that it is legally insufficient to sustain the trial court’s finding (1) that the appellees did not intend to sign nor did they have knowledge of signing the subject mortgage, and (2) that there was such overreaching on the part of the appellant’s assignor or his employees in the execution of the mortgage or other instruments as to require setting aside these instruments. We therefore hold that the trial court erred in invalidating the mortgage.
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and OWEN, JJ., concur.